E-Filed 6/15/05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL SALAZAR, JR.,

    Plaintiff,

v.                                              CIV 04-1073 KBM/LCS

CURRY COUNTY SHERIFF'S DEPARTMENT
and ROGER HATCHER,

    Defendants.

---- *and* ----

PAUL SALAZAR, JR.,

    Plaintiff

v.

JUDGE MILLER (DOUG MILLER),
MAGISTRATE COURT, and
DON BURDINE,



CIV 04-1387 JC/RLP

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING ACTIONS WITHOUT PREJUDICE UNDER *HECK*

Plaintiff filed two actions in state court, which were removed to federal court and consolidated. Thereafter, the parties consented to have me serve as the presiding judge and enter final judgment pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b). *See Docs. 16, 17*. When I consolidated the cases, I ordered Defendants to "ascertain whether state habeas proceedings are pending and brief the propriety of this Court entertaining suit in light of any such proceedings." *Doc. 15* at 2. Instead, they filed a Motion For Summary Judgment which, in my

view, does not fully address Plaintiff's allegations. *See Docs. 18-20, 25.*

Granted, Plaintiff's allegations are a bit vague and not the easiest to comprehend. In light of the materials Defendants submitted above, however, his claims are as follows. As of February 2004, Plaintiff was on probation. A probation officer prepared a violation report indicating that Plaintiff drove on a suspended license, evaded an officer, and concealed his identity. On March 9, 2004, Plaintiff appeared *pro se* and pleaded guilty to the violations. He was ordered to report to the Curry County Detention Center that afternoon. *Doc. 20,* Exh. B.

Apparently Salazar did not report to the jail because the very next day, March 10, 2004, the Curry County Sheriff's Office was attempting to arrest a James Martinez on an outstanding felony warrant. When the officers arrived at the residence where they had been told Martinez was residing, they instead found Plaintiff and a young woman there. *See Doc. 20,* Exh. A. According to Plaintiff, this was his residence, not that of Martinez. The woman, a family friend, was helping Salazar move items from storage into the house. *See Doc. 23.*

According to the woman, Plaintiff became "scared and freaked out" at the presence of the officers and would not let her leave. Salazar used her to relay information to the officers without letting them inside. Eventually they forced the door open, arrested Plaintiff after a struggle, and charged him with false imprisonment and resisting arrest. *See Doc. 20,* Exh. A. The record does not disclose what became of the felony false imprisonment/resisting charges. Plaintiff asserts that he was represented by counsel on the charges and that the proceedings were "put on a halt" pending a court-ordered forensic examination to determine his competency and that he was represented by counsel. *See Doc. 23.*

Plaintiff does not dispute that he was subject to the outstanding misdemeanor probation

2

violation and contempt of court charges, evidently referring to his failure to report to the jail on March 9th. *See Doc. 23, see also Doc. 1,* Exh. A; *Doc. 15* at 2 (referring to the Notice of Removal filed in CIV 04-1387, *Doc. 1,* Exh. A). On March 12, 2004, he again appeared *pro se* and pleaded guilty to contempt of court and was sentenced accordingly. *See Doc. 20,* Exhs. C-D. While serving this sentence, Plaintiff was granted a furlough in July 2004 and released from jail to be admitted to the hospital for a viral infection. Although Plaintiff was advised that he would be charged with escape if he left the hospital, he did so anyway. *Doc. 20,* Exh. E. Therefore, Defendant Judge Doug Miller issued a warrant for Plaintiff's arrest. A few days later Plaintiff was arrested and further charged with felony resisting arrest and obstructing an officer. *See id.,* Exhs. F-H. The record does not disclose what became of these felony "escape" charges. Plaintiff asserts that they were dropped, but does not mention what happened to the false imprisonment charges. *See Doc. 23.*

As best I understand it, Plaintiff believes that: (1) he could not have been arrested at his home based on a warrant for Martinez; (2) in taking him to jail on March 10th, the officers exposed his home to being burglarized; (3) the false imprisonment charges are unfounded; and (4) the state judge could not impose sentence for the misdemeanor violations because (a) his competency was being evaluated and (b) he was unrepresented by counsel. Salazar further asserts that he has a state habeas corpus petition pending to address these issues.

Defendants did not submit any materials pertaining to the felony charges and only submitted selected records from the misdemeanor charges. Therefore, I am unable to evaluate the substance of Plaintiff's claims in any meaningful way, or to ascertain the status of the state habeas proceedings. Based on the record before me, then I have no choice but to conclude that

3

Plaintiff's state habeas petition was filed before these civil suits that seek damages only, and that the petition is still pending.

Furthermore, Defendants do not address the key claims raised by Plaintiff. Rather, they focus on the misdemeanor charges to which Plaintiff pleaded guilty and assert that a judge has absolute immunity and that the individual defendants who had or have custody over Plaintiff acted with probable cause and held him pursuant to warrants. *See Doc. 19.* Ultimately those defenses may be dispositive of liability for these particular defendants under § 1983. However, I asked Defendants to brief the issue of whether Plaintiff's suits for money damages are premature because of the *Heck* doctrine. *See Heck v. Humphrey,* 512 U.S. 477 (1994).

It seems evident to me that Plaintiff is pursuing habeas relief in state court concerning the felony charges based on something more than simply a lack of probable cause, and that Salazar seeks damages here for the same reasons. Usually, "search and seizure" claims run from the date that the search or seizure occurred, and they must be brought within the applicable statute of limitations. Such claims generally are not barred by *Heck* because a search and seizure claim does not necessarily call into question the lawfulness of a conviction. *E.g. Harvey v. Waldron,* 210 F.3d 1009, 1013-16 (9th Cir. 2000) (discussion of *Heck,* split in the circuits, and Tenth Circuit's position); *see also Laurino v. Tate,* 220 F.3d 1313, 1217 & n.3 (10th Cir. 2000); *Beck v. City of Muskogee, Police Dept.,* 195 F.3d 553, 558-60 (10th Cir. 1999).

However, *Heck* holds that if a § 1983 action is based on an "allegedly unconstitutional conviction . . . or . . . other harm caused by actions whose lawfulness would render a conviction or sentence invalid," then the cause of action does not accrue until "the conviction or sentence has . . . been invalidated." *Heck,* 512 U.S. at 486-87. Put another way, to recover damages under §

4

1983 for an unconstitutional conviction, a plaintiff must prove the conviction was "'reversed on direct appeal.'" *Id.* Thus, Plaintiff's § 1983 claim will not arise until such time as his "conviction itself has been invalidated" – only then will the statute of limitations begin to run. *Stump v. Gonzales,* 222 F.3d 1220, 1222 (10th Cir .2000) (citing *Heck,* 512 U.S. at 486 and *Beck,* 195 F.3d at 557).

*Laurino* and *Beck* demonstrate that there are at least two instances where the federal cause of action does not accrue until the conviction is declared invalid. One of those situations appears applicable here – where "*all* the evidence to be presented was obtained as the result of an illegal arrest." *Laurino,* 220 F.3d at 1217 n. 3 (citing *Beck,* 195 F.3d at 559 n.4) (emphasis added). Regardless of the merits of the issue, this exception appears applicable to Plaintiff's claims concerning his arrest for false imprisonment in that he alleges the charges themselves would have not arisen at all but for the officers believing Plaintiff's house was Martinez' residence. The other exception, a malicious prosecution claim, may also be what Plaintiff inartfully is trying to raise here. *Heck* notes such claims accrue when the conviction is declared invalid. 512 US. at 484-86 & nn. 4-5; *see also e.g, Pierce v. Gilchrist,* 359 F.3d 1279, 1288-97 (10th Cir. 2004) (elements of § 1983 malicious prosecution claim); *Smith v. Gonzales,* 222 F.3d 1220 (10th Cir. 2000) (cause of action for *Brady* violation runs from date Tenth Circuit invalidated conviction in federal habeas, not from date defendant was actually released)[1]

---

[1] An unpublished Tenth Circuit decision explained that a plaintiff must wait until the conviction is declared invalid before bringing a malicious prosecution claim under § 1983:

> At their core, Sack's allegations against the district attorneys sound in malicious prosecution. *Cf. Anthony v. Baker,* 955 F.2d 1395, 1399 (10th Cir. 1992) (action for malicious prosecution attempts to hold the complaining witness liable for his role in initiating a baseless prosecution.

5

Because there is no indication that the state habeas proceedings have concluded, and given Plaintiff's claims as I understand them, these actions for damages under § 1983 appear premature under *Heck*.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's motion *(Doc. 18)* is **denied without prejudice**, and these consolidated actions are **dismissed without prejudice** pursuant to *Heck v. Humphries*. A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.

---

[The] federal courts have adopted the common law rule that the termination of the underlying criminal proceeding in favor of the accused is an essential element of a 1983 malicious prosecution claim. *Brummett v. Camble*, 946 F.2d 1178, 1183-84 (5th Cir. 1991) (collecting cases), *cert. denied*, 112 S. Ct. 2323 (1992); *see also Robinson v. Maruffi*, 895 F.2d 649, 654-55 (10th Cir. 1990)(section 1983 action for malicious prosecution accrues when underlying criminal action terminates in plaintiff's favor). The criminal prosecutions of which Sack complains have not terminated in his favor. He pleaded guilty in Nos. CRF-88-184 and CRF-90-24, and his convictions have not been disturbed on direct appeal, nor on petitions for state and federal habeas relief. Under these circumstances, claims of malicious prosecution are premature.

*Sack v. Huggins*, 34 F.3d 1076 (10th Cir. 1994) (unpublished) (internal quotations omitted).

6